UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENRY THOMAS, CDCR #J-01366,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AGULAR, Correctional Officer,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-0979-RSH-DEB<br><br>**ORDER DIRECTING U.S. MARSHAL TO SERVE THE FIRST AMENDED COMPLAINT AND SUMMONS** |

    Plaintiff William H. Thomas is currently incarcerated at Folsom State Prison in Folsom, California. On June 30, 2022, Thomas filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against four Defendants: (1) the California Department of Corrections and Rehabilitation ("CDCR"); (2) Correctional Officer "Agular"; (3) Correctional Officer John Doe 1; and (4) Correctional Officer John Doe 2. *See* Compl., ECF No. 1. Thomas alleged the four Defendants violated his Eighth Amendment rights when he was incarcerated at Calipatria State Prison by not repairing the only toilet in his prison cell for at least 17 days. *Id*.

    On August 12, 2022, the Court granted Thomas' Motion to Proceed *In Forma Pauperis* ("IFP") [ECF No. 2] and screened the Complaint. *See* Order, ECF No. 3. In its Order, the Court dismissed without prejudice the CDCR and John Doe 1. *Id*. The Court

also directed Thomas to notify the Court if he would like to move forward with his claims against Defendants Agular and John Doe 2 or file a First Amended Complaint. *Id.* On September 14, 2022, Thomas filed a First Amended Complaint ("FAC").[1] ECF No. 5. As explained below, the Court directs the U.S. Marshal to serve the FAC on Defendant Agular.

## I.     Screening Under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A

### A.     Legal Standard

Because Thomas is a prisoner with IFP status, the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 801, 110 Stat. 1321 (1996), requires the Court to screen his FAC before requiring the Defendant to answer. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). These sections of the PLRA require a court to dismiss a prisoner plaintiff's complaint (or any portion of it) that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [28 U.S.C.] § 1915(e)(2)(B)(ii) is the same as the Federal

---

[1]     Plaintiff first filed a notice with the Court on August 30, 2022, stating that he would like to move forward with his Complaint against the two remaining Defendants. *See* ECF No. 4. However, on September 14, 2022, Plaintiff filed a First Amended Complaint stating that he "wishes to dismiss 3 defendants from original [Complaint]. California Department of Corrections (CDCR), . . . Officer John Doe #1 and Officer John Doe #2) these three defendants are dismissed. This is to amend the first complaint." ECF No. 5 at 2. The Court interprets this as a request to disregard the August 30, 2022, notice [ECF No. 4] and accept the FAC [ECF No. 5]. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (stating courts must construe *pro se* pleadings liberally).

Rule of Civil Procedure [("Rule")] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Complaints must also comply with Rule 8, which requires that each pleading include a "short and plain statement of the claim" and "each allegation [] be simple, concise and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). *See Iqbal*, 556 U.S. at 677–78. If a complaint fails to provide the defendant fair notice of the wrongs allegedly committed, a district court may dismiss the complaint for failing to comply with Rule 8. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

Finally, courts should be mindful that "where the [plaintiff] is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). But *pro se* parties "should not be treated more favorably than parties with attorneys of record . . . ." *Albanese v. Las Vegas Metro. Police Dep't*, No. 217-CV-01600, 2017 WL 2622759, at *2 (D. Nev. June 15, 2017) (quoting *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986)).

B. Analysis

In his FAC, Thomas alleges that on December 20, 2021, the only toilet in his prison

cell at Calipatria State Prison stopped working properly. ECF No. 5 at 4. Thomas asked Correctional Officer Agular to call the plumber because neither Thomas' cold water nor his toilet were working properly. *Id*. Thomas claims that Agular first stated that he would put in a work order, but later told Thomas he was not calling the plumber and suggested Thomas speak with the plumber the next time Thomas saw the plumber. *Id.* On December 26, 2021, Thomas again approached Agular to complain that his toilet stopped working entirely and had feces in it. *Id*. According to Thomas, Agular stated that he may have forgotten to submit a work order the prior week but that he would. *Id.* Thomas again asked Agular to call the plumber and Agular responded, "that's not how it works." *Id.*

On January 3, 2022, Thomas again approached Agular to say his cell smelled like a "porter potty." *Id*. at 5. Thomas claims that Agular laughed and said that he had not submitted a work order because he thought Thomas "was just playing about that whole thing[,]" but Agular would submit one that day. *Id.* When Thomas allegedly asked to be moved to another cell, Agular explained that another officer completed cell moves every other week. *Id.* Thomas complained that not only was the smell "toxic and a health hazard" but making him stay in the cell was also "a form of torture." *Id.*

Thomas claims that he approached two unnamed correctional officers about the conditions of his cell on January 12, 2022. *Id.* The officers called their supervisor who arranged for a plumber to fix the toilet within an hour. *Id*. When Thomas asked the plumber why the repair took so long, the plumber explained that he could only perform work if a work order had been submitted. *Id.* Thus, Thomas concludes that Agular never submitted a work order. *Id*. Thomas alleges that "Agular's egregious conduct" left Plaintiff without a functioning toilet for at least 17 days such that he had to urinate in a soda can and pour it down the sink. *Id.* at 6. As a result, Thomas claims that the toxic smell in his cell caused him severe headaches and sleep deprivation. *Id*.

Based on these allegations, the Court finds that the FAC contains "sufficient factual matter, accepted as true," to state an Eighth Amendment claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)); *see Jordan v. Fitzharris*, 257 F. Supp. 674, 677 (N.D. Cal. 1966) (finding Eighth Amendment violation where prisoner was placed in cell that was not cleaned regularly, had no means to clean himself, and had a hole for receiving bodily wastes but no flushing mechanism). Therefore, the FAC survives the "low threshold" for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *see also Farmer v. Brennen*, 511 U.S. 825, 832 (1994) (stating that prison officials have a duty to provide the "basic necessities of life[,]" including sanitation, under the Eighth Amendment); *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.") *amended by* 75 F.3d 448 (9th Cir. 1995).

Accordingly, the Court will direct the U.S. Marshal to serve the summons and FAC on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed [IFP] under 28 U.S.C. § 1915.").[2]

## II. Conclusions and Orders

For the reasons above, the Court:

1. **DIRECTS** the Clerk to issue a summons for Plaintiff's First Amended Complaint [ECF No. 5] and forward it to Thomas along with an "IFP Package" containing: a certified copy of Plaintiff's First Amended Complaint; a blank U.S. Marshal Form 285 for the remaining Defendant; a filed copy of this Order; and a cover letter with instructions. After receiving this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285 as to the Defendant as completely and accurately as possible, *including an address where the*

---

[2] The Court notes "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

*Defendant may be served* per CivLR 4.1(c); and return the completed forms to the U.S. Marshal according to the instructions the Clerk provides in the cover letter.

2. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint [ECF No. 5] and summons upon the Defendant as Plaintiff directs on the USM Form 285 and to file with the Clerk of Court an executed waiver of personal service on the Defendant per Rule 4(d). Should the Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed USM Form 285 Process Receipt and Return as to the Defendant with the Clerk of Court, including the date that the summons, First Amended Complaint, and request for waiver was mailed to the Defendant, as well as noting that service remains unexecuted. The United States will advance all costs of the U.S. Marshal's service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However, if the Defendant fails to sign and return the waiver without good cause, the Court will impose on the Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

3. **ORDERS** Defendant, once served, to respond to Plaintiff's First Amended Complaint and any subsequent pleading Plaintiff files in this case naming Defendant as a party, within the time Federal Rules of Civil Procedure 12(a) and 15(a)(3) provide. *See* 42 U.S.C. § 1997e(g)(2) (requiring defendant to respond once a court has screened a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)).

4. **ORDERS** Plaintiff to serve, pursuant to Federal Rule of Civil Procedure 5(b), on Defendant (or on Defendant's counsel, if represented) a copy of every further pleading, filing, or other document submitted for the Court's consideration. This obligation begins once the U.S. Marshal has served the Defendant. Plaintiff must also include with every document he files with the Court, a Certificate of Service stating how and on what date a true and correct copy of that document was served on the Defendant (or their counsel). *See* CivLR 5.2. The Court may disregard any document it receives which is not properly filed with the Clerk or does not include a Certificate of Service.

5. **DISMISSES WITHOUT PREJUDICE** John Doe 2 and **DIRECTS** the

1  Clerk to terminate John Doe 2 from the docket. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th
2  Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in
3  an amended complaint are waived.").

4  **SO ORDERED**.

5  Dated: September 26, 2022

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge