UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. THOMAS,<br><br>                             Plaintiff,<br><br>v.<br><br><br>AGUILAR, Correctional Officer,<br><br>                             Defendant. | Case No.: 22-cv-979-RSH-DEB<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT TO DEFENDANT**<br><br>[ECF Nos. 38, 46, 51, 57, 59] |

Plaintiff William H. Thomas, a prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against defendant J. Aguilar. Before the Court are the Parties' cross-motions for summary judgment. ECF Nos. 38, 51. On August 12, 2024, U.S. Magistrate Judge Daniel E. Butcher issued a Report and Recommendation (the "R&R") recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. ECF No. 56. For the reasons below, the Court adopts the R&R, overrules Plaintiff's objections, grants Defendant's motion for summary judgment, denies Plaintiff's motion for summary judgment, and overrules Plaintiff's objections.

1

## I. BACKGROUND

### A. Factual Background

The R&R recites the relevant factual background to the case, largely drawn from Plaintiff's deposition testimony. ECF No. 56 at 3-6. In brief summary, during the relevant period of time, Plaintiff was an inmate at Calipatria State Prison in Calipatria, California. On December 18, 2021, the toilet in Plaintiff's cell began to malfunction, requiring multiple flushes. The same day, Plaintiff notified Defendant and another officer about the problem. ECF No. 38-3 at 31–32.

On December 27, 2021, Plaintiff's toilet stopped flushing completely. According to Plaintiff, the next day he reported the issue to Defendant and a second shift officer, and Defendant stated he would put in a work order. *Id.* at 35.[1] On January 1, 2022, Plaintiff told Defendant his cell smelled "like a porta pottie" and requested Defendant move him to a different cell. *Id.* at 35–36. Defendant responded he would not request a different cell but would submit a work order. *Id.* at 36. On January 2 and January 3, 2022, Defendant was off duty. ECF No. 56 at 15–16. On January 4, 2022, Defendant submitted a work order, and Plaintiff's toilet was repaired on January 11 or January 12, 2022. ECF No. 38-3 at 32.

While Plaintiff's toilet was broken, he had periodic access to other toilets in the prison. As Plaintiff stated in one of his briefs, "Feces clogged my toilet and I found other places to use the rest room." ECF No. 46 at 8. Plaintiff testified at his deposition that there was a "toilet out in the yard that you can use"; because of its location, it could be used for urination while standing up, but was too dangerous for use for defecating. ECF No. 38-3 at 56-57. There was also a dayroom with a urinal but not a toilet. *Id.* at 57. Plaintiff had access to both the yard and dayroom once a day, for two hours at a time at each location. *Id.* at 62, 64. When asked about whether there were bathrooms in other areas of the prison, Plaintiff testified, "I did go to, like, law library a couple times. I did go to a church a couple

---

[1] Defendant states that he first learned that Plaintiff's toilet had stopped flushing on January 4, 2022, the same day he put in a work order. ECF No. 38-4 at 1-2.

of times. I did go to the medical a few times." *Id.* at 58-59. Plaintiff also worked outside his cell as an "ADA worker/porter/critical worker." *Id.* at 65. Asked "[a]bout how many hours a day did you work," Plaintiff testified, "I want to say [may]be seven and a half." *Id.* at 65.

Plaintiff alleges he suffered from headaches, loss of sleep, humiliation, fear of future medical problems, and embarrassment. ECF Nos. 38-3 at 53, 56 at 5.

B. **Procedural Background**

On June 30, 2022, Plaintiff filed this lawsuit along with a motion to proceed *in forma pauperis* ("IFP"). ECF No. 1. In granting Plaintiff's IFP motion, the Court screened the Complaint and dismissed certain claims and defendants. ECF No. 3. On September 14, 2022, Plaintiff filed the First Amended Complaint ("FAC"), his operative pleading. ECF No. 5. The FAC contains a single claim for violation of Plaintiff's Eighth and Fourteenth Amendment rights against a single defendant, correctional officer Aguilar.

On September 27, 2023, Defendant filed a motion for summary judgment. ECF No. 38. On December 23, 2023, Plaintiff filed a cross-motion for summary judgment. ECF No. 51. Following further briefing,[2] on August 12, 2024, Judge Butcher issued his R&R recommending summary judgment for Defendant. ECF. No. 56 at 18. The R&R determined that: (1) Plaintiff had exhausted his administrative remedies, as required by the Prison Litigation Reform Act; (2) Plaintiff failed to show a triable issue as to whether his deprivation was sufficiently serious to form the basis for an Eighth Amendment violation (the "objective" component of an Eighth Amendment claim); (3) Plaintiff failed to show a triable issue as to whether Defendant acted with a sufficiently culpable state of mind (the "subjective" component of an Eighth Amendment claim); and (4) even if the objective and

---

[2]   Included among the briefing was a filing by Plaintiff styled a "motion to vacate" Defendant's summary judgment motion. ECF No. 46. This motion does not set forth a basis for striking Defendant's motion, and is therefore denied; the Court construes this filing as an additional brief opposing Defendant's motion for summary judgment.

3

subjective elements of an Eighth Amendment claim were met, Defendant was entitled to qualified immunity.

On September 3, 2023, Plaintiff filed objections to the R&R. ECF No. 57. On September 3, 2024, Defendant filed a response. ECF No. 58. Plaintiff filed a further brief objecting to the R&R on September 9, 2024. ECF No. 59.

## II. LEGAL STANDARD

The Court's role in reviewing the R&R is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 510 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1119 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.") (emphasis in original). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Court addresses Plaintiff's several objections below.[3]

First, Plaintiff objects to the R&R's description of the availability of toilets outside of Plaintiff's cell. *See* ECF No. 56 at 13 (R&R description of toilet availability). Plaintiff argues that during the time his toilet was broken, the prison was in a state of emergency lockdown for Covid, during which no inmates were allowed into the yard, day room, or library, or were allowed to work, and that "open rec[] time was even restricted to some

---

[3] The Court considers both Plaintiff's timely-filed objections, ECF No. 57, and his late-filed supplemental brief, ECF No. 59.

1  limits." ECF No. 57 at 1. He also states that he was a "critical worker" four days out of the
2  week, during which he would work only one hour instead of 7.5 hours per day. *Id.* at 4; *see*
3  *also* ECF No. 59 at 2 ("That gave me about … one hour out of the cell 4 day[s] out [of] the
4  week."). Plaintiff explains that although he was being paid for 7.5 hours of work a day, at
5  mere pennies to the hour, in fact he was only working a single hour. ECF No. 59 at 2.

6        Plaintiff is not entitled to avoid summary judgment by relying on assertions in his
7  briefing, even sworn assertions, that contradict the deposition testimony he gave earlier in
8  the case. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("The
9  general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit
10 contradicting his prior deposition testimony.") (quoting *Kennedy v. Allied Mut. Ins.*
11 *Co.*, 952 F.2d 262, 266 (9th Cir. 1991); *Radobenko v. Automated Equip. Corp.*, 520 F.2d
12 540, 543–44 (9th Cir. 1975) (holding an affidavit contradicting earlier deposition testimony
13 could not be used to create an issue of fact and avoid summary judgment). Under the so-
14 called "sham affidavit rule," a court may strike an affidavit where (1) the court finds that
15 the contradiction is actually a "sham," and (2) the inconsistency between the deposition
16 testimony and the subsequent affidavit is clear and unambiguous. *Van Asdale*, 577 F.3d at
17 998-99. The Court finds both of these conditions applicable here. The inconsistency here
18 is not only clear and ambiguous, but the nature and context of the most recent statements
19 indicates that they are not made to explain Plaintiff's deposition testimony as much as to
20 reverse it. For the same reasons, the Court agrees with Judge Butcher's decision to
21 disregard a declaration that Plaintiff submitted with his summary judgment briefing, which
22 had stated, "On average I get two hours a day out [of] the cell. That's 22 hours a day in the
23 cell." ECF No. 56 at 4 n.5.

24       Second, Plaintiff objects that the R&R "makes a claim that because I don't know or
25 remember what days the Defendant worked that a jury wouldn't find in my favor." ECF
26 No. 57 at 3. Defendant further explains, "[h]is days at work or off are not what[']s
27 important. My evidence is he works that at or around those times." *Id.* Plaintiff does not
28 specify which findings in the R&R he disputes, nor does he identify for which particular

days he contends Defendant was or was not at work. Plaintiff's objection appears to misconstrue the analysis contained in the R&R, which does not characterize Plaintiff's knowledge or memory of the dates of Defendant's employment.

Third, Plaintiff asserts that "I told Defendant my cell smelled like a porter potty and he chuckled." ECF No. 57 at 1. Plaintiff argues that chuckling "is a way of saying I don't care." *Id.* at 3. He thereby appears to be contesting the R&R's conclusion that Plaintiff presented insufficient evidence of deliberate indifference. ECF No. 56 at 16. However, Plaintiff's deposition testimony describes the exchange in a manner that does not suggest deliberate indifference:

> So I guess around the first of – I believe the first of January, I had to run into Officer Aguilar again, he was in his office, I believe, and I told him that my cell smells really bad.
>
> And he told me he thought I was playing and kind of laughed. I told him, "It smells like a porta pottie, man. Move me to a different cell."
>
> He said, "Nah, I'll put a work order in."

ECF No. 38-3 at 36. As Plaintiff explains it, Defendant "kind of laughed" and told Plaintiff he thought Plaintiff was "playing." After Plaintiff reiterated that his cell had a bad smell, Defendant agreed to put in a work order, and in fact did so on January 4, 2022, the next day that Defendant was at work. The Court disagrees that this exchange creates a triable issue of fact as to deliberate indifference by Defendant, and agrees with the analysis contained in the R&R regarding the subjective element of Plaintiff's Eighth Amendment claim.

Finally, Plaintiff objects more generally that the duration he was without a working toilet in his cell was inhumane. *See* ECF No. 57 at 3 ("The bottom line is you should reconsider your summary judgment because nobody should live in those conditions longer than two days …."); ECF No. 59 at 3 ("Under no circumstances should any human being be forced to live under such humiliate[ing] conditions nor shall any human being attempt to justify or minimize such horrified living conditions lasting longer than 2 days."). The

Court agrees with the analysis contained in the R&R regarding the objective element of Plaintiff's Eighth Amendment claim, as well as the conclusion that the conditions preceding Defendant's submission of a work order were not "extreme deprivations." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). *See* ECF No. 56 at 12-14.

Plaintiff's objections do not mention or expressly contest the R&R's determination that Defendant was entitled to qualified immunity.

Reviewing the R&R de novo, and considering both sets of Plaintiff's objections, the Court adopts Judge Butcher's thorough and well-reasoned opinion.

## IV. CONCLUSION

For the above reasons, the Court:

1. **ADOPTS** the Report and Recommendation [ECF No. 56];
2. **DENIES** Plaintiff's motion for summary judgment [ECF No. 51];
3. **DENIES** Plaintiff's motion to vacate Defendant's summary judgement motion [ECF No. 46];
4. **OVERRULES** Plaintiff's objections [ECF Nos. 57, 59]; and
5. **GRANTS** Defendant's motion for summary judgment [ECF No. 38].

The Clerk of Court is directed enter judgment for Defendant and close the case.

**IT IS SO ORDERED**.

Dated: September 16, 2024

_____
Hon. Robert S. Huie
United States District Judge